United States District Court
Southern District of Texas
**ENTERED**
August 28, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| WILLIAM WALKER, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 3:17-CV-391 |
| | § | |
| BLANCHARD REFINING COMPANY, LLC., | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff, William Walker (hereinafter called "Walker"), has filed suit against his former employer, Blanchard Refining Company LLC (hereinafter referred to as "Blanchard"). Walker alleges that Blanchard engaged in unlawful employment practices and discriminated against Walker on the basis of his race, in violation of 42 U.S.C. § 2000e (2)(a) and 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991.

The Court has previously GRANTED Blanchard's motion for summary judgment. Dkt. 31. Below are the reasons for that ruling.

### **BACKGROUND**

Blanchard hired Walker to work as an Operator and later promoted him to the Chief Operator position based on his experience and bargaining unit seniority. Dkt. 13-5 at 3. Walker contends that Blanchard engaged in a pattern of racial discrimination against him, culminating in his demotion and termination. Walker stated that "he made several efforts for recertification in order to re-apply for the Chief Operator position" after his demotion,

which were denied. Dkt. 1. Blanchard argues that Walker was demoted and terminated due to unsatisfactory evaluation results and violation of company policy.

Walker contends that after his promotion to Chief Operator, he began to receive unsupported negative evaluations and was subsequently demoted. However, Walker has not provided any summary judgment evidence to support his claims. The summary judgment evidence establishes that Walker received two evaluations with overall "unsatisfactory" ratings within a two-month period. In those evaluations, Walker received unsatisfactory ratings for each of the six categories examined: health, safety, security, and environmental; process safety; leadership; unit knowledge; work attitude; and performance under abnormal situations. Dkt.13-8 at 2-8. Under the "improvements needed section," Walker's supervisor noted that Walker was not knowledgeable, was not a leader, did not engage with his team, and needed to improve on knowledge regarding equipment and procedures. Dkt. 13-8 at 7. Walker also failed all of the written unit qualification and drawing tests that the Chief Operator position required him to pass. Dkt. 13-9 at 2-7. Blanchard provided a Collective Bargaining Agreement ("CBA") that governed Walker's employment, which contained a Chief Operator Memorandum of Agreement ("MOA"). Dkt. 13-5. The MOA requires that the Chief Operator be qualified on all the control room board and outside field jobs in his area of responsibility. Dkt. 13-5 at 3-4. This includes a "satisfactory" evaluation rating as well as passage of the written qualification tests with an overall score of eighty-five percent or higher. *Id.*; Dkt. 13-9 at 2. Performance evaluations are performed yearly, and if the Chief Operator receives a "Progress Marginal" or "Unsatisfactory" rating, the Chief Operator placed in a developmental plan under the

MOA. *Id.* There is a second evaluation that may be accelerated based on performance during such a plan. *Id.* Per the MOA, the Chief Operator is to be disqualified if the second evaluation again results in a "Progress Marginal" or "Unsatisfactory" rating. *Id.* The disqualification period lasts for four years, during which a disqualified Chief would not be eligible to fill Chief vacancies. *Id.*

The failure of the tests disqualified Walker from the Chief Operator Position under the MOA. Dkt. 13-5 at 3-4. There was a follow-up evaluation in early 2016, which reflected Walker's failure of all qualification tests and unsatisfactory performance in all six evaluation criteria. Dkt. 13. Walker admitted in his deposition that he received consecutive poor performance evaluations and that he failed the testing related to the operations of the unit. Dkt. 13-2 at 31, 39. Bobby Cash was promoted to the Chief Operator position following Walker's demotion. Dkt. 1. Blanchard stated that Bobby Cash was promoted automatically based on his seniority under the terms of the CBA. *See* Dkt. 13-5 at 3. In Walker's deposition testimony, he admitted that Cash was automatically promoted to the Chief Operator position because of his seniority and not due to a decision made by the Defendant. Dkt. 13-2 at 65.

The summary judgment evidence establishes that Walker was eventually terminated for violating company policy when he failed to apply a lock to a valve during a drum swap. Dkt. 13-11 at 2-20. The failure to apply the lock resulted in an oil spill and potentially could have caused more serious damage as well as personal injury. Dkt. 13-11 at 2-20. The company deemed the procedure Walker violated as one that is "Life Critical" from a safety

perspective in which "other employees have been similarly terminated" for failure to follow the procedure. Dkt. 13-11.

## APPLICABLE LAW

### A. Summary Judgment Standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celtic Marine Corp. v. James C. Justice Cos.*, 760 F.3d 477, 481 (5th Cir. 2014). A "genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant." *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 549 (5th Cir. 2012). The moving party "has the burden of establishing that there is no genuine dispute of material fact." *Id.* at 550. To avoid summary judgment, "the non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial." *Id.* at 550. The non-moving party may "defeat the motion by showing a genuine dispute of material fact." *Johnston v. City of Houston*, 14 F.3d 1156, 1060 (5th Cir. 1994). "'[A]ll facts and evidence must be taken in the light most favorable to the non-movant.'" *Davis-Lynch, Inc.*, 667 F.3d. at 549-50. However, "[u]nsworn pleadings, memoranda, or the like are not…competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991); *see also Solo Serve Corp. v. Westowne Assoc.*, 929 F.2d 160, 164 (5th Cir. 1991) ("[O]nly evidence –not argument, not facts in the complaint –will satisfy [the nonmovant's] burden.").

## B. Title VII

Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual…because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Where a plaintiff does not present direct evidence of discrimination, Title VII claims proceed under the *McDonnell Douglas* framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). Under that framework, the complainant in a Title VII case "must carry the initial burden under the statute of establishing a prima facie case of racial discrimination." *Id.* at 802. To establish a prima facie case of racial discrimination under Title VII, Walker must show, by a preponderance of the evidence, that he (1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class. *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004); *Reeves v. Sanderson Plumbing Prod.*, 530 U.S. 133, 143 (2000). "Adverse employment actions can include discharges, demotions, refusals to hire, refusals to promote, and reprimands." *Sharp v. City of Houston*, 164 F.3d 923, 933 (5th Cir. 1999).

Once the prima facie case has been established, the burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the adverse employment action. *See McDonnell Douglas Corp.*, 411 U.S. at 802; *see, e.g., Marcantel v. Dep't of Transp. & Dev.*, 37 F.3d 197, 199 (5th Cir. 1994) (where a business judgment was held to be a legitimate, nondiscriminatory reason). The employer's burden "is one of production, not persuasion." *Alvarado v. Texas Rangers*, 492 F.3d 601, 611 (5th Cir. 2007)

(quotations omitted). When the employer produces sufficient evidence to support a legitimate, nondiscriminatory explanation for the decision, the plaintiff is afforded the "opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons but were a pretext for discrimination." *Reeves*, 530 U.S. at 143; *see also St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507-08 (1993).

"A plaintiff may establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or 'unworthy of credence.'" *Thomas v. Johnson*, 788 F.3d 177, 179 (5th Cir. 2015) (quoting *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)). To show disparate treatment, a plaintiff must establish that his employer treated him more harshly than "similarly situated" employees for "nearly identical" actions. *See Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009). "[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves*, 530 U.S. at 148. Although the evidentiary burden shifts back and forth under the *McDonnell Douglas* framework, the ultimate burden of "persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). While Title VII plaintiffs "need not always present evidence above and beyond the prima facie case and pretext, discrimination suits still require evidence of discrimination." *Rubinstein v. Adm'r of the Tulane Educ. Fund*, 218 F.3d 392, 400 (5th Cir. 2000).

In order to survive a summary judgment motion in a Title VII retaliation case, the plaintiff must make a prima facie showing: "'(1) that the plaintiff engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action." *Banks v. E. Baton Rouge Par. Sch. Bd.*, 3250 F.3d 570, 575 (5th Cir. 2003). If an employee has "'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under Title VII," the employee has engaged in a protected activity. *Evans v. Houston*, 246 F.3d 344, 352-53 (5th Cir. 2001) (quoting *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996)). Once the prima facie case is established, the burden of production shifts to the employer to articulate a legitimate, non-retaliatory reason for terminating the employee. *Long*, 88 F.3d at 308. To defeat summary judgment, the plaintiffs must show that there is a "'conflict in substantial evidence'" on the ultimate issue. *Id*.

### C. 42 U.S.C. § 1981 as Amended by the Civil Rights Act of 1991

The Supreme Court has held that § 1981 implies a right of action "based on racial discrimination against private actors." *Oden v. Oktibbeha Cty.*, 246 F.3d 458, 463 (5th Cir. 2001). 42 U.S.C. § 1981 provides that "[a]ll persons…shall have the same right…to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." *See Cook v. Advertiser Co.*, 458 F.2d 1119, 1121 (5th Cir. 1972).

## ANALYSIS

### A. Walker's claim under Title VII

#### 1. Racial Discrimination and Retaliation

Blanchard concedes that Walker has established three of the four required elements of his prima facie case under Title VII: (1) Walker is African American, thus a member of a protected class; (2) Walker was qualified for the position; and (3) Walker was demoted, which served as an adverse employment action. Blanchard contends that Walker has failed to satisfy the fourth element of his prima facie case because he cannot establish that he was replaced by someone outside of his protected class. Under the retaliation three-factor test, Walker only successfully alleges that (1) he was engaged in activity protected by Title VII and (2) he suffered an adverse employment action because he was terminated.

Walker alleges that he was demoted because of his race and retaliated against due to his proceeding under Title VII. However, Walker failed to provide any evidence supporting that he was replaced by someone outside of the protected class or that he suffered disparate treatment. Walker also has not provided any evidence that would allow for the finding that a causal link existed between the protected activity and the adverse action. While Walker need not present evidence above and beyond a prima facie case and pretext, discrimination suits still require evidence of discrimination. *See Rubinstein*, 218 F.3d at 400. Walker has presented no such evidence. Walker only alleges facts in his complaint and did not submit any evidence. As held in *Larry v. White*, pleadings are not competent summary judgment evidence. 929 F.2d at 211 n.12. Only evidence will satisfy

Walker's burden, not facts in the complaint. *See Solo Serve Corp.,* 929 F.2d at 164. Walker has failed to provide evidence that would raise a genuine dispute of material fact.

Even if Walker had met his burden for a prima facie case, Blanchard has offered a legitimate, nondiscriminatory and non-retaliatory reason for demoting and terminating Walker. Blanchard states that Walker's demotion was due to poor performance, which was documented by his evaluations and failed test scores. According to the Chief MOA that governed Walker's employment, the poor performance and deficiencies required him to be relieved from the Chief Operator Position. Cash also assumed his position based on an automatic process under the MOA due to his seniority, not because of a decision made by Blanchard. Dkt. 13-3 at 2. Walker was later terminated due to his violation of company policy that caused an oil spill and posed potential danger for personal injury and serious property damage. Previous employees were similarly terminated for violating such a life critical company policy. Dkt. 13-1 at 6. The burden then shifts to Walker to prove that the decision to demote and fire him were pretextual. Walker is unable to satisfy the pretext burden because he has not provided any evidence that would allow a trier of fact to conclude that Blanchard unlawfully discriminated against him. *See Reeves,* 530 U.S. at 148.

The ultimate evidentiary burden remains with Walker to show that Blanchard intentionally discriminated against him. Walker has not carried this burden. Walker has only provided facts in his complaint and has not submitted any evidence. Accordingly, the Court finds that summary judgment for Blanchard on Walker's Title VII claims is

appropriate, and Blanchard's motion for summary judgment on Walker's Title VII claims is hereby GRANTED.

### B. Walker's Claims under 42 U.S.C. § 1981

42 U.S.C. § 1981 provides that all persons shall have the same rights as enjoyed by white citizens and implies a right of action based on racial discrimination against private actors. *See Cook*, 458 F.2d at 1121. Similar to the Title VII claim, after considering the summary judgment record and briefing of the parties, the Court finds that Walker has failed to provide evidence to raise a genuine dispute of material fact and defeat summary judgment. Accordingly, the Court finds that summary judgment for Blanchard on Walker's 42 U.S.C. § 1981 claims is appropriate, and Blanchard's motion for summary judgment on Walker's 42 U.S.C. § 1981 claims is hereby GRANTED.

### CONCLUSION

After full consideration of the relevant summary judgment evidence, the record in this case, the motions and briefing of the parties, and the applicable law, the Court finds that the motion for summary judgment filed by Blanchard (Dkt. 13) should be **GRANTED**. A separate final judgment will issue.

**ALL OTHER PENDING MOTIONS ARE DENIED AS MOOT.**

SIGNED at Galveston, Texas, on _____August 28_____, 2019.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE